THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTA MILLER,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>BOYS & GIRLS CLUBS OF SNOHOMISH COUNTY,<br><br>　　　　　Defendant. | CASE NO. C15-2027-JCC<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR A MEDICAL EXAMINATION |

This matter comes before the Court on Defendant Boys & Girls Clubs of Snohomish County's motion for a Federal Rule of Civil Procedure 35 medical examination (Dkt. No. 34). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   **BACKGROUND**

The underlying facts of this case have been laid out in full in the Court's order on Defendant's motion for summary judgment. (Dkt. No. 39 at 1–6.) The additional facts relevant to this motion are as follows. Plaintiff is alleging "loss of compensation and benefits, emotional distress, anxiety, humiliation, and embarrassment" and "compensatory damages for past, present, and future emotional harm, humiliation, and embarrassment" related to Defendant's alleged race discrimination and retaliation. (Dkt. 1 at ¶¶ 3.3, 3.6, 3.9, 3.12, 4.1.) Plaintiff testified at her

deposition that her primary care physician, Dr. Deborah Nalty, has prescribed her anxiety medication, (Dkt. No. 35-2 at 4–8), and Plaintiff has received mental health counseling from Gretchen Jones, a licensed mental health counselor at Crossroads Consulting, (*id.* at 9–25). Dr. Nalty produced Plaintiff's medical records, (Dkt. No. 36-1), and Ms. Jones will be deposed this month, (Dkt. Nos. 25, 26, 34). Plaintiff also disclosed Ms. Jones as a lay witness that may testify at trial "about the emotional distress [Plaintiff] experienced while working for" Defendant. (Dkt. No. 35-6 at 3.) Defendant filed this motion for a medical examination on February 23, 2017, a month after the discovery cut off.

## II.   DISCUSSION

### A.   Federal Rule of Civil Procedure 35 Standard

Federal Rule of Civil Procedure 35 authorizes the Court, "on motion for good cause," to order "a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1)–(2). In essence, the rule requires two showings: (1) that a party's mental or physical condition has been placed "in controversy," and (2) that there is "good cause" for the examination. *Id.*; *see Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995). The rule demands "a discriminating application by the trial judge." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).

### B.   Timeliness

Plaintiff argues that this motion is untimely because it was filed after the discovery deadline. (Dkt. No. 37 at 5–8.) Particularly because trial is now scheduled for October 16, 2017, (Dkt. No. 43), the Court is not persuaded by Plaintiff's protests regarding the timing of Defendant's motion. *See Nellams v. Eagle Marine Services*, C13-1504-JCC, Dkt. No. 110 at 5 (quoting *Bush v. Pioneer Human Servs.*, 2010 WL 324432, at * 5 (W.D. Wash. Jan. 21, 2010) ("[A]lthough the limited case law is somewhat split on whether a Rule 35 expert report and examination must be done before the expert disclosure deadline, this Court takes the position that the deadline set in the scheduling order for expert reports under Rule 26(a)(2) does not apply to

the issuance of a Rule 35 report.")). Therefore, the Court will consider the merits of the motion.

**C.     Merits**

       1.  In Controversy

The Ninth Circuit has not formalized what it means to have placed a physical or mental condition "in controversy." Most courts have construed Rule 35's requirements such that "the party seeking to compel the evaluation [must] establish an additional element." *Ford v. Contra Costa Cnty.*, 179 F.R.D. 579, 580 (N.D. Cal. 1998) (citing *Turner v. Imperial Stores*, 161 F.R.D. 89, 92–97 (S.D. Cal. 1995) (reviewing relevant reported cases)). The *Turner* decision, which examined the reported case law on the issue, identified the following factors to consider in assessing whether or not a physical or mental condition is in controversy:

> (1) [T]he plaintiff has pled a cause of action for intentional or negligent infliction of emotional distress;
> (2) [T]he plaintiff has alleged a specific mental or psychiatric injury;
> (3) [T]he plaintiff has pled a claim for unusually severe emotional distress;
> (4) [T]he plaintiff plans to offer expert testimony to support a claim of emotional distress and/or;
> (5) [T]he plaintiff has conceded that his or her mental condition is "in controversy" for purposes of FRCP 35(a).

*Id.* "[C]ourts in the Ninth Circuit have consistently found a Rule 35 examination is not warranted where none of the *Turner* factors exist and the case does not surpass a generic claim for emotional distress." *Townsley v. GEICO Indem. Co.*, 2013 WL 3279274, at *2 (W.D. Wash. June 27, 2013).

Here, two *Turner* factors are met. Plaintiff as alleged a specific mental injury, anxiety, and plans to offer testimony by Ms. Jones to support her claim of emotional distress. Plaintiff's diagnosis of anxiety, and her prescription medication for this anxiety, indicate that this is more than a generic claim for emotional distress. Moreover, although Ms. Jones was not disclosed as an expert, her testimony would be difficult for Defendant to refute without an independent medical examination. In light of these considerations, the Court concludes that Plaintiff has put

ORDER GRANTING DEFENDANT'S MOTION
FOR A MEDICAL EXAMINATION
PAGE - 3

the issuance of a Rule 35 report.")). Therefore, the Court will consider the merits of the motion.

**C.     Merits**

    1.  In Controversy

The Ninth Circuit has not formalized what it means to have placed a physical or mental condition "in controversy." Most courts have construed Rule 35's requirements such that "the party seeking to compel the evaluation [must] establish an additional element." *Ford v. Contra Costa Cnty.*, 179 F.R.D. 579, 580 (N.D. Cal. 1998) (citing *Turner v. Imperial Stores*, 161 F.R.D. 89, 92–97 (S.D. Cal. 1995) (reviewing relevant reported cases)). The *Turner* decision, which examined the reported case law on the issue, identified the following factors to consider in assessing whether or not a physical or mental condition is in controversy:

> (1) [T]he plaintiff has pled a cause of action for intentional or negligent infliction of emotional distress;
> (2) [T]he plaintiff has alleged a specific mental or psychiatric injury;
> (3) [T]he plaintiff has pled a claim for unusually severe emotional distress;
> (4) [T]he plaintiff plans to offer expert testimony to support a claim of emotional distress and/or;
> (5) [T]he plaintiff has conceded that his or her mental condition is "in controversy" for purposes of FRCP 35(a).

*Id.* "[C]ourts in the Ninth Circuit have consistently found a Rule 35 examination is not warranted where none of the *Turner* factors exist and the case does not surpass a generic claim for emotional distress." *Townsley v. GEICO Indem. Co.*, 2013 WL 3279274, at *2 (W.D. Wash. June 27, 2013).

Here, two *Turner* factors are met. Plaintiff as alleged a specific mental injury, anxiety, and plans to offer testimony by Ms. Jones to support her claim of emotional distress. Plaintiff's diagnosis of anxiety, and her prescription medication for this anxiety, indicate that this is more than a generic claim for emotional distress. Moreover, although Ms. Jones was not disclosed as an expert, her testimony would be difficult for Defendant to refute without an independent medical examination. In light of these considerations, the Court concludes that Plaintiff has put

ORDER GRANTING DEFENDANT'S MOTION
FOR A MEDICAL EXAMINATION
PAGE - 3

the issuance of a Rule 35 report.")). Therefore, the Court will consider the merits of the motion.

**C.     Merits**

    1.  In Controversy

The Ninth Circuit has not formalized what it means to have placed a physical or mental condition "in controversy." Most courts have construed Rule 35's requirements such that "the party seeking to compel the evaluation [must] establish an additional element." *Ford v. Contra Costa Cnty.*, 179 F.R.D. 579, 580 (N.D. Cal. 1998) (citing *Turner v. Imperial Stores*, 161 F.R.D. 89, 92–97 (S.D. Cal. 1995) (reviewing relevant reported cases)). The *Turner* decision, which examined the reported case law on the issue, identified the following factors to consider in assessing whether or not a physical or mental condition is in controversy:

> (1) [T]he plaintiff has pled a cause of action for intentional or negligent infliction of emotional distress;
> (2) [T]he plaintiff has alleged a specific mental or psychiatric injury;
> (3) [T]he plaintiff has pled a claim for unusually severe emotional distress;
> (4) [T]he plaintiff plans to offer expert testimony to support a claim of emotional distress and/or;
> (5) [T]he plaintiff has conceded that his or her mental condition is "in controversy" for purposes of FRCP 35(a).

*Id.* "[C]ourts in the Ninth Circuit have consistently found a Rule 35 examination is not warranted where none of the *Turner* factors exist and the case does not surpass a generic claim for emotional distress." *Townsley v. GEICO Indem. Co.*, 2013 WL 3279274, at *2 (W.D. Wash. June 27, 2013).

Here, two *Turner* factors are met. Plaintiff as alleged a specific mental injury, anxiety, and plans to offer testimony by Ms. Jones to support her claim of emotional distress. Plaintiff's diagnosis of anxiety, and her prescription medication for this anxiety, indicate that this is more than a generic claim for emotional distress. Moreover, although Ms. Jones was not disclosed as an expert, her testimony would be difficult for Defendant to refute without an independent medical examination. In light of these considerations, the Court concludes that Plaintiff has put

1  her mental condition in controversy.

2          2.  <u>Good Faith</u>

3  While the party moving for the examination need not have proved his or her case on the

4  merits, a good cause showing must be supported by "sufficient information." *Schlagenhauf v.*

5  *Holder*, 379 U.S. 104, 119 (1964). For example, "courts should consider the possibility of

6  obtaining the desired information from other means." *Townsley v. GEICO Indem. Co.*, 2013 WL

7  3279274, at *2 (W.D. Wash. June 27, 2013). The Court finds that Plaintiff's repeated claims of

8  damages from emotional distress, anxiety, humiliation, and embarrassment confer good cause for

9  a Rule 35 examination. Moreover, it would be difficult for Defendant to obtain the information

10 desired by other means. Therefore, Defendant's motion for a medical examination is

11 GRANTED.

12 **III.   CONCLUSION**

13 For the foregoing reasons, Defendant's motion for a medical examination (Dkt. No. 34) is

14 GRANTED. Because Plaintiff has not lodged any objections to the form of examination

15 Defendant proposed in its motion, just to the examination taking place, the Court ADOPTS and

16 ORDERS the medical examination terms described in Defendant's motion. (Dkt. No. 34 at 4–6.)

17 DATED this 3rd day of April 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE