THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTA MILLER, | CASE NO. C15-2027-JCC |
| Plaintiff, | ORDER |
| v. | |
| BOYS & GIRLS CLUBS OF SNOHOMISH COUNTY, | |
| Defendant. | |

This matter comes before the Court on Defendant Boys & Girls Clubs of Snohomish County's motion for satisfaction of payment of the offer of judgment amount and an order of dismissal (Dkt. No. 49). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

The Court detailed the facts of this case in its order on Defendant's motion for summary judgment. (*See* Dkt. No. 39 at 1–6.) On June 28, 2017, Plaintiff Marta Miller filed a timely notice of acceptance of an offer of judgment. (Dkt. No. 47.) However, before the Clerk entered a judgment, Defendant filed this current motion for satisfaction of payment of the offer of judgment and an order of dismissal. (Dkt. No. 49.) Defendant argues a judgment is not necessary at this time because it has satisfied its payment obligations. (*See* Dkt. No. 50-1.)

Pursuant to Federal Rule of Civil Procedure 68, if a party accepts an offer within fourteen days of receipt and files a notice of acceptance with proof of service, "[t]he clerk *must* then enter judgment." Fed. R. Civ. P. 68(a) (emphasis added). Except under extremely limited circumstances, "the court has no choice about entering the agreed judgment." 12 Fed. Prac. & Proc. Civ. § 3005 (2d ed.).

Defendant argues, however, that since payment has been made in full before a judgment was entered, the Court should enter a satisfaction of offer of judgment and an order of dismissal pursuant to Federal Rule of Civil Procedure 60(b)(5). (Dkt. No. 49 at 1.) However, "relief under Rule 60(b) is not readily justified, particularly with judgments based on Rule 68. . . . [P]laintiff should be assured that its acceptance will lead to judgment; in all but the most extraordinary circumstances mistakes should not affect this result." 12 Fed. Prac. & Proc. Civ. § 3005.2 (2d ed.). Here, Defendant has made no compelling arguments why judgment should not be entered in Plaintiff's favor. Moreover, Rule 68 is clear that when all the requirements have been met, as is the case here, judgment *must* be entered. For the foregoing reasons, Defendant's motion (Dkt. No. 49) is DENIED. The Court DIRECTS the Clerk to enter a judgment in Plaintiff's favor.

DATED this 9th day of August 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE